IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM N. KUHN, | ) | |
| | ) | |
| Plaintiff, | ) | 2:25-cv-01800-CB |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| AIKEN REFUSE, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff's Motion to Remand (Doc. 8) will be granted.  Plaintiff is correct that consent to removal must be unanimous; that Defendant Aiken Refuse, Inc., was required to consent within 30 days of being served;[1] and it failed to do so.  Aiken Refuse was served on October 30, 2025.  This is not in dispute—the City Defendants' opposition papers include a docket entry from state court confirming it.  Doc. 9-1 at ECF-header pg. 2 of 3 (Aiken Refuse was served by a deputy sheriff at "2:32PM [on] 10/30/2025").  The Court takes judicial notice of the state docket, and Aiken Refuse's consent – filed on December 10th (Doc. 15) – came too late.

The City Defendants suggest that Aiken Refuse's consent was not required because it is not a "person" and "state actor" under Section 1983.  Doc. 9 at pgs. 3-4 of 7; Doc. 15 at pg. 3 of 4, n.1 (Aiken Refuse's consent, noting these arguments but not necessarily joining them).  The argument fails on multiple levels.  First, the Court is unaware of legal authority allowing it to ignore a defendant's lack of timely-consent based on its presumed arguments under Rule 12(b).  Second, Plaintiff has asserted both state and federal claims against all Defendants,

---

[1] Delalla v. Hanover Ins., 660 F.3d 180, 185-89 (3d Cir. 2011) (adopting the "later-served rule").

including Aiken Refuse. *See* Compl., Doc. 1-2 at pgs. 29-30 of 32. The notion that defendant-consent is severable, between federal and state claims, is fanciful—and unsupported. Finally, even indulging these misdirects, Defendants' arguments are flawed in conception. Section 1983 may extend to private entities, under a "joint participant" theory. Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009) (citation to quoted and other sources omitted); *accord* Tauro v. Unnamed Domestic Relations Worker, 205 Fed. Appx. 924, 925 (3d Cir. Aug. 16, 2006) (unpublished decision, cited for the limited purpose of confirming that the theory extends to both individuals and companies).

Defendant Razzano's recent opposition (Doc. 17) fares no better. The Complaint identifies Razzano as a city-council-member. Doc. 1-2 at pg. 7 of 32. Despite having already consented to removal (Doc. 6), he now "[takes the] position . . . [he was not] actually served." Doc. 17 at pgs. 1-2. Counsel proclaims, *ipse dixit*, that Razzano has been "named individually," yet "service was only made to the City of New Castle." *Id.* at 5. This, Razzano posits, would allow for re-removal – giving Defendants another crack at timely, unanimous consent. Remand, therefore, would be futile. *Id.*

These assertions, however, bear little relation to reality. The Complaint expressly avers that Razzano "is sued in both his official and individual capacities." Doc. 1-2 at pg. 7. And the state court docket sheet – *submitted by the City in opposition to remand* – memorializes the "DEPUTY SHERIFF [HAVING] S[E]RV[E]D . . . ROBERT RAZZANO . . . [AT] 230 N[.] JEFFERSON STREET[,] NEW CASTLE  PA." Doc. 9-1 at pg. 2 of 3.

Even assuming – on remand – that service is shown to be inadequate or incomplete, this would supply no legitimate grounds for "re-removal." Such change-of-course may be warranted where "subsequent pleadings or conduct by the parties or various other circumstances

brings a case that was not previously removable within the removal jurisdiction of the federal court[]." Brown v. Jevic, 575 F.3d 322, 328 (3d Cir. 2009) (citation to quoted source omitted, emphasis added).  Here, the case was removable in the first place – but Aiken Refuse did not timely consent.  *No legal precedent* allows Razzano's service grievances (real or manufactured) to act as a vehicle for engaging an unseemly game of jurisdictional ping-pong.  *See* Black v. Mantei & Assocs., Ltd., 145 F.4th 528, 539 (4th Cir. 2025) ("[t]he strict treatment of remand decisions serves the purposes of comity and judicial economy," and those are eroded by the "ricochet"-effects of improvident re-removals) (citation to quoted source and internal quotations omitted).

Plaintiff's Motion to Remand (Doc. 8) is **GRANTED**, and this case is **REMANDED FORTHWITH** to the Court of Common Pleas of Lawrence County, Pennsylvania (Civil Div., Case No. 11174-2025).  All of the other Motions filed, here, are **DENIED AS MOOT**.

IT IS SO ORDERED.


December 16, 2025                                                       s/Cathy Bissoon                    
                                                                      Cathy Bissoon
                                                                       United States District Judge

cc (via ECF email notification):

All Counsel of Record

William N. Kuhn (pro se, ECF-registered)